Case 4:17-cv-02119   Document 1-1   Filed in TXSD on 07/11/17   Page 1 of 6

5/25/2017 3:27:06 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17258898
By: Justin Kitchens
Filed: 5/25/2017 3:27:06 PM

2017-35413 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSUE MEDINA** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | _____**JUDICIAL DISTRICT** |
| | § | |
| **ADAM HAY and** | § | |
| **CENTRAL TRANSPORT, LLC..** | § | |
| Defendants. | § | |
| | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JOSUE MEDINA hereinafter referred to as Plaintiff, complaining of ADAM HAY and CENTRAL TRANSPORT, LLC, hereinafter referred to as Defendants, and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under a Level Two (2) Discovery Control Plan, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

Plaintiff, Josue Medina, is an individual residing in Harris County, Texas.

**EXHIBIT A-1**

Defendant Adam Hay is an individual residing at 2135 Windsor Drive, Springfield, Missouri 65807.

Defendant Central Transport, LLC. is a Indiana based corporation authorized to conduct business in the state of Texas.  Defendant may be served by serving its registered agent National Corporate Research Ltd at 1601 Elm Steet, Suite 4360 Dallas, Texas 75201.

### III.
### JURISDICTION AND VENUE

The subject matter and amount in controversy are within the jurisdictional limits of this Court, and this Court has personal jurisdiction herein because Defendant was operating in Harris County. Plaintiff seeks monetary relief of over $200,000 but less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and a demand for judgment for all the other relief to which the party deems herself entitled.

Venue in this Court is proper because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1).

### IV.
### FACTS

On or about June 27, 2015, Plaintiff were the properly restrained driver of silver 2003 Mitsubishi Montero traveling southbound in the 10400 block of Interstate Highway 45 in Harris County, Texas. Defendant Adam Hay, was also travelling southbound in the 10400 block of Interstate Highway 45 in a 2006 yellow Sterling 825 truck which is owned by Defendant Central Transport, LLC. Defendant Adam Hay who was not paying attention to his driving surroundings made a negligent and sudden stop without warning and Plaintiff collided into the rear of Defendant's vehicle causing property and personal injuries to Plaintiff.  Defendant Adam Hay

was working in the course and scope of his employment with Defendant Central Transport, LLC., and Defendant Central Transport, LLC. is Defendant Adam Hay's statutory employer. Adam Hay admitted that the truck ran out of gas and failed suddenly during transportation.

## V.
### CAUSE OF ACTION AGAINST DEFENDANT ADAM HAY FOR NEGLIGENCE

Defendant Adam Hay's conduct was negligent, in one or more of the following ways:

(a) He failed to control her speed;

(b) He failed to maintain assured clear stopping distance;

(c) He failed to timely apply her brakes to avoid the collision;

(d) He failed to do a proper lookout;

(e) He failed to apply the brakes;

(f) He failed to take evasive action in order to avoid the accident

(g) He otherwise failed to operate the motor vehicle as a reasonable driver of ordinary prudence would have done in the same of similar circumstances.

Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the injuries and damages to Plaintiff. In addition, the above-mentioned actions and/or omissions constituted negligence *per se,* in that they violated one or more traffic laws of the State of Texas. In this regard, Plaintiffs would show as follows:

(a) Defendant without excuse, violated said statutes;

(b) Said violations were the proximate cause of the occurrence; and,

(c) Plaintiff was among the class of persons for whose benefit and protection said statutes were enacted.

## VI.
## CAUSE OF ACTION AGAINST DEFENDANT CENTRAL TRANSPORT, LLC. FOR RESPONDEANT SUPERIOR

Defendant Central Transport, LLC. is the statutory employer of Defendant Adam Hay. Defendant Adam Hay was acting within the course and scope of his employment with Defendant Central Transport, LLC., and Defendant Central Transport, LLC, is Defendant Adam Hay's statutory employer. Defendant Central Transport, LLC, is liable for the negligent actions of its employees, including the actions of Defendant Adam Hays on the date of the accident.

## VII.
## CAUSE OF ACTION AGAINST DEFENDANT CENTRAL TRANSPORT, LLC. FOR NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE

On or about June 27, 2015 Defendant Central Transport LLC., was the owner of the vehicle operated by Defendant Adam Hay. Defendant Central Transport LLC., entrusted the vehicle to Defendant Adam Hay, a reckless and incompetent driver. As described herein, Defendant Adam Hay was negligent on the occasion in question. Defendant Adam Hay's negligence was the proximate cause of Plaintiffs' damages. Defendant Central Transport LLC., knew or should have known that Defendant Adam Hay was a negligent driver, and allowed Defendant Adam Hay to operate the vehicle anyway thus endangering the Plaintiffs, those similarly situated to them, and the motoring public in general.

## VIII.
## DAMAGES

Upon a trial of this case, the evidence will show that Plaintiff suffered injuries and damages as a result of the negligence and gross negligence of the Defendant as already alleged. There are certain elements of damages provided by law that Plaintiffs are entitled to have the Jury in this case separately consider to determine the sum of money for each element that will

fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred, and to be incurred. Those elements are as follows:

    (a)    Property damage to Plaintiff's vehicle including diminished value;

    (b)    Past reasonable and necessary medical expenses;

    (c)    Pain and suffering;

    (d)    Loss of companionship and society that, in reasonable probability, will be sustained in the future;

    (e)    Past physical impairment;

    (f)    Past mental anguish sustained in the past; and,

    (g)    Mental anguish that, in reasonable probability, will be sustained in the future.

    (h)    Past loss of wages.

.

## IX.
## REQUEST FOR DISCLOSURE

Defendants are hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(1) of the Texas Rules of Civil Procedure.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs have judgment against the Defendants, for the damages described herein, pre-judgment interest on the appropriate elements of damages at the legal rate for the time periods permitted by law; post-judgment interest at the legal rate on the appropriate elements of damages for the time period permitted by law; costs of

court as well as other relief, general or special, at law or in equity, to which the Plaintiffs may show themselves to be justly entitled.

        Respectfully Submitted,
        JMW Law Group, PLLC

        /s/ Joe Williams
        Joe M. Williams
        Texas Bar No. 24063066
        9894 Bissonnet Street, Suite 110
        Houston, Texas 77036
        Tel. (713) 255-1166
        Fax (713) 255-1169
        jwilliams10050@gmail.com
        Attorney for Plaintiff